UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN PAYTON | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1481 |
| LAMARQUE FORD | * | SECTION "A" (2) |

## REPORT AND RECOMMENDATIONS

Plaintiff Jonathan Payton filed a Complaint and *Ex Parte* Motion for Leave to Proceed *in forma pauperis* on July 17, 2025. ECF Nos. 1, 2. The Court ultimately granted his third *Ex Parte* Motion for Leave to Proceed *in forma pauperis* but ordered that summons not be issued until completion of the statutorily mandated review, in accordance with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B). ECF Nos. 6, 7. The Court also ordered Plaintiff to file a written response setting forth the specific facts upon which he bases his claims, with a deadline of Monday, October 20, 2025. ECF No. 7 at 6. The Order further advised Plaintiff that his failure to respond in writing as directed may result in dismissal of his complaint. *Id.*

Plaintiff did not file a response; instead, he later filed a Motion to Appoint Counsel on December 4, 2025. ECF No. 11. On January 9, 2026, the Court denied that motion and again ordered Plaintiff to file a written response setting forth the specific facts upon which he bases his claims, with a deadline of Wednesday, February 25, 2026, advising him that the failure to respond in writing as directed may result in dismissal of his complaint. ECF No. 13. Plaintiff again did not file a response.

## I.    PLAINTIFF'S CLAIM

Plaintiff purports to assert a deceptive practices claim pursuant to 15 U.S.C. § 45 of the Federal Trade Commission Act, 15 U.S.C. §§ 41-58, against Defendant Lamarque Ford. ECF No.

1

1 § II(A).  Plaintiff alleges that, after he brought his 2013 Ford Taurus for a full-service oil change and car wash, Defendant stated that his vehicle was running without issue, but the vehicle began to leak water and coolant within two weeks.  *Id.* at 5.

## II.    APPLICABLE LAW

### A.  Statutorily Mandated Review

Section 1915(e)(2)(B) grants the court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[1]  Indeed, the statute specifically mandates that the court "*sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[2] This review mandate applies to both prisoner and non-prisoner *in forma pauperis* cases.[3]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[4]  A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[5]  A court may not dismiss a claim simply because the facts are "unlikely."[6]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . .  [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[7]

---

[1] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[2] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).
[3] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[4] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[5] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[6] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[7] *Id.* (quoting *Denton*, 504 U.S. at 32-33).

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[8]  The Supreme Court clarified the standard for a Rule 12(b)(6) motion in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is *plausible* on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[9]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[10]  "Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim."[11]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[12]  The court may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[13]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and Rule

---

[8] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[9] *Twombly*, 550 U.S. at 555, 570.

[10] *Iqbal*, 556 U.S. at 678.

[11] *Roy v. Cobb*, No. 20-0167, 2020 WL 2045791, at *2 (W.D. La. April 7, 2020) (citing *Twombly*, 550 U.S. at 556).

[12] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted); *see also SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 943–44 (5th Cir. 2018) (holding conclusory fraud allegations that the defendant intended plaintiff to act upon representations and plaintiff acted in reliance on representations insufficient to withstand Rule 12(b)(6) challenge).

[13] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating that a court may rely on the complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[14]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[15]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[16]

### B.  Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a petitioner to prosecute or comply with any order of the court.[17]  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[18]  Because plaintiff is proceeding *pro se*, it is apparent that this Court must weigh his actions alone in considering dismissal of this action under Rule 41(b).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[19]  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[20]

---

[14] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[15] *Id.*
[16] *Id.*
[17] *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam).
[18] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986) (per curiam).
[19] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam); *Edwards v. Harris Cnty. Sheriff's Off.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[20] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl*, 660 F.2d at 593).

### C. <u>Availability of Amendment</u>

Although frivolous claims may be dismissed with prejudice,[21] before doing so, the Court should allow the *pro se* Plaintiff the opportunity to state his best case:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[22]

Thus, the court should generally allow an opportunity to amend before dismissing an action for failure to state a claim.[23] Indeed, unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[24] When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[25]

### III.    <u>ANALYSIS</u>

Plaintiff purports to assert a claim under 15 U.S.C. § 45. As this Court previously explained, that statute does not provide a private cause of action.[26] Plaintiff makes no further allegations to clarify his claim nor does he assert any other claims. His claim is thus legally

---

[21] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).

[22] *Neitzke*, 490 U.S. at 329-30.

[23] *See, e.g.*, *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted); *see also* FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . . leave to amend a pleading").

[24] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (cleaned up))).

[25] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

[26] *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 175 (5th Cir. 2016); *Gaubert v. NCMIC Fin. Corp.*, No. 10-1844, 2010 WL 4026385, at *2 (E.D. La. Oct. 13, 2010) (Vance, J.) ("There is no private right of action under the Federal Trade Commission Act, 15 U.S.C. §§ 41-58. Thus, subject matter jurisdiction cannot be based on federal question in this case." (citing *Norris v. Fairbanks Cap. Corp.*, 178 F. App'x 401, 403 (5th Cir. 2006); *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978))).

frivolous,[27] and may then be dismissed with prejudice and without leave to amend.[28]   Further, Plaintiff has failed to respond to the show cause orders.

## IV.    CONCLUSION

Despite being advised that his failure to respond to the Show Cause Orders could result in summary dismissal, Plaintiff has failed to comply.  Plaintiff has not submitted a written statement setting forth the specific facts supporting his cause of action.  Plaintiff's Complaint is subject to summary dismissal with prejudice under § 1915(e)(2)(B) for being legally frivolous.  Because any amendment would be futile, dismissal without leave to amend is appropriate.

### RECOMMENDATIONS

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) for being legally frivolous.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[27] *Cf. Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005) ("[18 U.S.C. §] 241 and 242 do not provide a basis for civil liability. . . . Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous." (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999))).

[28] *See Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993), *overruled in part on other grounds*, *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994)

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[29]

      New Orleans, Louisiana, this __20th__ day of March, 2026.

DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE

---

[29] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).